UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.L. O'CONNOR & ASSOCIATES, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOBFOX, INC.,<br><br>Defendant. | Case No. C10-734 RSM<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, AND APPROVING FORM AND MANNER OF NOTICE |

Plaintiff's unopposed Motion for Preliminary Approval of Proposed Class Action Settlement has come before this Court. The Court determines and orders as follows:

1. Counsel have advised the Court that the parties have agreed, subject to final approval by this Court following notice to the Plaintiff Settlement Class (as described in Paragraph 5, below) and a hearing, to settle this action upon the terms and conditions set forth in the Settlement Agreement (the "Settlement Agreement"), which has been filed with the Court.

2. The Court has reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement or as defined herein.

3. Based upon preliminary examination, it appears to the Court that the Settlement Agreement is fair, reasonable, and adequate, that the Plaintiff Settlement Class should be

certified for settlement purposes, subject to Paragraph 11, below, and that a hearing should be held after notice to the Plaintiff Settlement Class to determine whether the Settlement Agreement is fair, reasonable and adequate, and whether a settlement approval order and final judgment should be entered in this action, based upon that Settlement Agreement.

Based upon the foregoing, IT IS HEREBY ORDERED:

1. ***Preliminary Approval of Proposed Settlement***. The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate. The Court finds that (a) the Settlement Agreement resulted from extensive arm's-length negotiations; and (b) the Settlement Agreement is sufficient to warrant notice thereof to members of the Plaintiff Settlement Class and the Settlement Hearing described below.

2. ***Class Certification for Settlement Purposes Only***. Pursuant to FRCP 23(b)(3), the Court, for settlement purposes only, conditionally certifies a class (the "Class") consisting of all persons and entities who received an unsolicited advertisement from or on behalf of JobFox.

(a) In connection with the certification, the Court makes the following preliminary findings:

(1) FRCP 23(a)(1) is satisfied because the Class appears to be so numerous that joinder of all members is impracticable;

(2) FRCP 23(a)(2) is satisfied because there appear to be questions of law or fact common to the above-described Class;

(3) FRCP 23(a)(3) is satisfied because the claims of the named plaintiffs appear to be typical of the claims being resolved through the proposed Settlement;

(4) FRCP 23(a)(4) is satisfied because Class Representative R.L. O'Connor & Associates, Inc., appears to be capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement and because Counsel representing the Class, Kim Williams and Rob Williamson of Williamson & Williams, are qualified, competent and capable of prosecuting this action on behalf of the Class. Adequacy of representation therefore is satisfied.

(5) For purposes of determining whether the Settlement is fair, adequate and reasonable, the Court preliminarily finds the requirements of FRCP 23(b)(3) have been satisfied because common questions of law and fact appear to predominate over questions affecting only individual Class Members and because settlement with the above-described Plaintiff Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class. Accordingly, the Class appears to be sufficiently cohesive to warrant adjudication through settlement by representation.

(b) In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a settlement class.

(c) Named plaintiff R.L. O'Connor & Associates, Inc. is designated as Representative Plaintiff.

3. *Class Counsel*. The Court appoints Kim Williams and Rob Williamson of Williamson & Williams as counsel for the Class. For purposes of these settlement approval proceedings, the Court finds that these counsel are competent and capable of exercising their responsibilities as Class Counsel.

4. *Settlement Hearing*. A final approval hearing (the "Settlement Hearing") shall be held before this Court on **October 19, 2012, at 9:30 a.m.**, as set forth in the Notice (described in Paragraph 5 below), to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Settlement Agreement shall be filed with the Court no later than **September 26, 2012**. Papers in support of final approval of Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed no later than **August 17, 2012**. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Settlement Agreement (the "Final Judgment") that will adjudicate the rights of the Class Members with respect to the claims being settled.

5. *Notice*. JobFox shall comply with the notice requirements of Paragraph 3.03 of the Settlement Agreement. In compliance with that Paragraph, within thirty (30) days of entry of this Order, JobFox shall arrange for FaxVantage to generate the Class Notice List and for ProFax to fax to the businesses on that list the Notice of Settlement in the form attached as Exhibit B to the Settlement Agreement.

6. *Findings Concerning Notice*. The Court finds that the Notice and the manner of its dissemination described in the previous Paragraph and in Paragraph 3.03 of the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this action and their right to object to or exclude themselves from the Class. The Court further finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process.

7. *Exclusion from Class*. Each Class Member who wishes to exclude himself or herself from the Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Class may mail a written request for exclusion, in the form specified in the Notice, to JobFox's counsel at the address set forth in the Notice. All such written requests must be postmarked by **September 6, 2012**. All persons who properly make requests for exclusion from the Class shall not be Class Members and shall have no rights with respect to, nor be bound by, the Settlement Agreement, should it be approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

8. *Objections and Appearances*.

(a) *Written Objections*. Any Class Member who has not timely submitted a written request for exclusion from the Class, and thus is a Class Member, may object to the fairness, reasonableness or adequacy of the Agreement, or the Fee Application. Any Class Member who wishes to object to the Settlement, must submit his or her objection in writing to Class Counsel, Attention: Kim Williams, Williamson & Williams, 17253 Agate Street NE, Bainbridge Island, WA 98110, postmarked no later than **September 6, 2012**. Any Class

Member who files an objection and wishes it to be considered, must also appear at the Settlement Hearing.

    (b)    Class Members intending to appear at the Settlement Hearing must deliver to Class Counsel no later than **September 6, 2012**, a notice of intention to appear, setting forth (1) the name and address of the Class Member, (2) the name and number of the case, (3) the objection, including any papers in support thereof, and (4) whether the objecting Class Member wishes to address the Court at the Hearing. Upon receipt of any such notice, Class Counsel shall immediately serve the notice on counsel for JobFox and file the notice with the Court.

    (c)    Any Class Member who does not timely deliver written objection and the notice of intention to appear **September 6, 2012**, in accordance with the requirements of this Order, shall not be permitted to object or appear at the Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court. Any objection that is not timely and properly made shall be forever barred.

    (d)    ***Responses to Objections and Further Papers in Support of Fee Request***. Any responses to objections to the Settlement Agreement or the fee request, and any further papers in support of the fee request, shall be filed with the Court no later than ten (10) days before the Settlement Hearing.

9.    ***Claims***. To be eligible for a distribution pursuant to the Settlement Agreement, a Class Member must submit a claim form postmarked no later **September 6, 2012** in accordance with the requirements of Paragraph 4.03 of the Settlement Agreement.

10.    ***Dates of Performance***. In summary, the dates of performance are as follows:

    (a)    JobFox shall complete sending the Notice to potential Class Members on or before **July 8, 2012**, as provided in Paragraph 3.03 of the Settlement Agreement;

    (b)    Class Members who desire to be excluded shall mail requests for exclusion to JobFox's counsel postmarked by **September 6, 2012**;

    (c)    All objections to the Settlement Agreement or Fee Application shall be mailed to Class Counsel postmarked by **September 6, 2012**;

(d) Papers in support of final approval of the Settlement Agreement shall be filed with the Court no later than **September 26, 2012** and the Fee Application shall be filed with the Court no later than **August 17, 2012**.

(e) All responses to objections shall be filed with the Court no later than ten (10) days before the Settlement Hearing;

(f) The Settlement Hearing shall be held **October 19, 2012, at 9:30 a.m.**; and

(g) Class Members who desire to receive a distribution from the Settlement shall do so by submitting a Claim Form with all required information postmarked by **September 6, 2012**.

11. *Effect of Failure to Approve the Settlement Agreement*. In the event the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed prior to entry of this Order;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiff on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action; and

(d) Nothing in this Order or pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

1       12.     ***Discretion of Counsel.***  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including without further approval of the Court, making minor changes to the content of the Notice that they jointly deem reasonable or necessary.

      DATED this 11 day of June 2012.

                                                                            _____
                                                                           RICARDO S. MARTINEZ
                                                                            UNITED STATES DISTRICT JUDGE